IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eddie Milton Garey, Jr., #91876-020, ) | C/A No. 8:15-56-BHH-JDA |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Eric Himpton Holder, Jr., US Attorney General; ) | |
| Andrew Mansukehani, Warden of Estill FCI, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Eddie Milton Garey, Jr. ("Petitioner"), proceeding pro se, brings this habeas corpus action primarily pursuant to 28 U.S.C. § 2241. Petitioner is a prisoner incarcerated at FCI-Estill, in Estill, South Carolina, and he seeks to vacate several portions of his criminal conviction and to vacate or shorten his sentence. Petitioner is proceeding *in forma pauperis*. The Petition is subject to summary dismissal.

## **BACKGROUND**

Petitioner submitted a 37-page Petition with 49-pages of Exhibits, and the Court summarizes herein Petitioner's contentions. [Doc. 1.] He was convicted by a jury on all counts of a superceding indictment in the Middle District of Georgia on December 17, 2004. [Doc. 1 at 5.] At issue in this habeas action, he was convicted of five counts of threatening to use a weapon of mass destruction in violation of 18 U.S.C. § 2332a(a)(2) (counts 12–16). *See Garey v. United States*, Nos. 5:08-CV-90024-CDL, 28 U.S.C. § 2255, 5:03-CR-83-CDL, 2010 WL 2507834, at *1 (M.D.Ga. March 29, 2010), *Report and Recommendation adopted*, 2010 WL 2507833 (M.D.Ga. June 15, 2010), *aff'd*, 478 F. App'x 545 (2012); *see also Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn*

*Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). He was sentenced on August 10, 2005, to 360-months with five years of supervised release. [Doc. 1 at 5.] On direct appeal, the United States Court of Appeals for the Eleventh Circuit ultimately affirmed his case. [Doc. 1 at 5–6.]

Petitioner alleges he filed a habeas action pursuant to 28 U.S.C. § 2255, and it was unsuccessful in the Middle District of Georgia and in the Eleventh Circuit Court of Appeals. [Doc. 1 at 6.]; *see Garey v. United States*, Nos. 5:08-CV-90024-CDL, 28 U.S.C. § 2255, 5:03-CR-83-CDL, 2010 WL 2507834, at *1 (M.D.Ga. March 29, 2010), *Report and Recommendation adopted*, 2010 WL 2507833 (M.D.Ga. June 15, 2010), *aff'd*, 478 F. App'x 545 (2012). Among other motions Petitioner has filed attacking his conviction, he alleges he filed an application with the Eleventh Circuit Court of Appeals seeking permission to file a second or successive § 2255 action. [Doc. 1 at 6–7.] He states that his ground for relief was that his conviction and sentence pursuant to 18 U.S.C. § 2332a(a)(2) was void because that statute had incorporated 18 U.S.C. § 229F—allegedly a vague and unconstitutional act of Congress that interfered with state sovereignty—in light of *Bond v. United States*, 131 S. Ct. 2355 (2011) (holding that Defendant had standing to challenge the statute of conviction as violating the Tenth Amendment). [*Id*.] He contends that the Eleventh Circuit Court of Appeals denied his request stating that *Bond v. United States*, 131 S. Ct. 2355 (2011), was not a new rule of constitutional law made retroactive to cases on collateral review. [Doc. 1 at 7.]

In the instant action, Petitioner alleges that the § 2255 savings clause permits him to bring this § 2241 action based on a recent opinion by the United States Supreme Court—*Bond v. United States*, 134 S. Ct. 2077 (2014). [Doc. 1 at 23–25.] He essentially argues that, in *Bond*, the Supreme Court declared that 18 U.S.C. § 229F is vague, overly broad, and void; thus, his conviction under, or the execution of his sentence pursuant to, 18 U.S.C. § 2332a(a)(2), cannot stand because § 2332a(a)(2) incorporated § 229F. [*Id*.]

Further, if § 2241 is not available to him, Petitioner requests relief pursuant to a writ of de homine replegiando or review of the decision by the United States Bureau of Prisons under 5 U.S.C. § 702 et seq., the Administrative Procedures Act ("APA"). [*See generally* Doc. 1.]

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district court. This Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012); *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2012) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a pro se litigant, Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the Petition

in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

Petitioner raises several grounds for relief, primarily that the savings clause in § 2255 permits him to bring this § 2241 Petition. However, the § 2241 Petition should be dismissed because the savings clause contained in § 2255 does not permit Petitioner to bring this action, and none of Petitioner's grounds state a plausible claim for relief. Generally, a § 2241 habeas petition "'attacks the execution of a sentence rather than its validity,' whereas a § 2255 motion 'attacks the legality of detention.'" *Brown v. Rivera*, No. 9:08-CV-3177-PMD-BM, 2009 WL 960212, at *2 (D.S.C. April 7, 2009) (citation omitted). Petitioner alleges that he is attacking the validity of certain counts of his conviction and apparently the length of his sentence, and this type of claim should usually be brought under § 2255 in the sentencing court. *Rice v. Rivera,* 617 F.3d 802 (4th Cir. 2010). Section 2255 does contain a savings clause which permits a district court to consider a § 2241 petition challenging the validity of a petitioner's detention when a § 2255 petition is inadequate or ineffective to test the legality of his detention. *Id.* The Fourth Circuit Court of Appeals held that "§ 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. A contrary rule would effectively nullify the gatekeeping provisions." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (citations omitted). Nonetheless, the Court concluded, "[T]here must exist some circumstance in which resort

4

to § 2241 would be permissible; otherwise, the savings clause itself would be meaningless." *Id.* In one scenario the Fourth Circuit has deemed "§ 2255 inadequate and ineffective to test the legality of a conviction":

> [W]hen: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones*, 226 F.3d at 333-34. Notably, the savings clause is not satisfied merely because a petitioner's prior § 2255 motion was unsuccessful or because a petitioner is unable to meet the requirements to file a successive § 2255 motion. *Chisholm v. Pettiford*, No. 6:06-2032-PMD-WMC, 2006 WL 2707320, *2 (D.S.C. Sept. 18, 2006).

In this case, Petitioner asserts that subsequent to his conviction the law changed such that he did not actually violate 18 U.S.C. § 2332a(a); thus, the savings clause permits him to bring his claims within the § 2241 Petition. He contends that the statute he was convicted under, 18 U.S.C. § 2332a(a), contained a reference to § 229F, and a recent Supreme Court opinion determined that § 229F was void; thus, his conviction cannot stand. In other words, he contends he is actually innocent because he did not violate 18 U.S.C. § 2332a(a). However, this Court disagrees. Petitioner does not plausibly allege that the substantive law changed such that the conduct of which Petitioner was convicted is now deemed not to be criminal. Section 18 U.S.C. § 229(a) declares that it is unlawful for any person knowingly to "use, or threaten to use, any chemical weapon. . . ." Upon review of *Bond v. United States*, 134 S. Ct. 2077 (2014), the case Petitioner relies on, the Supreme

5

Court held that the unremarkable local offense at issue ("an act of revenge born of romantic jealousy, meant to cause discomfort [to one person], that produced nothing more than a minor thumb burn") was not covered by the Chemical Weapons Convention Implementation Act. *Id*. at 2083, 2091. The Supreme Court explained that Congress passed the Chemical Weapons Convention Implementation Act in 1998, and it defined chemical weapon and toxic chemical. *Id*. at 2085 (citing § 229F). Further, it found that the § 229 definition of chemical weapon was extremely broad, but Congress did not intend for that statute to reach local criminal conduct. *Id*. at 2090. The Supreme Court determined that § 229 is to be interpreted narrowly such that it is to be used to prevent chemical warfare and not to reach local assaults with a chemical irritant. *Id*. at 2093.

Section 18 U.S.C. § 2332a(a), effective June 12, 2002 to December 16, 2004, provides that it is a criminal offense to use, threaten, or attempt to use a weapon of mass destruction (other than a chemical weapon as that term is defined in section 229F); and, the term weapon of mass destruction is defined in § 2332a(c).[1] However, § 2332a(a) was amended effective December 17, 2004, and it eliminated the reference to chemical weapon as defined in § 229F.[2] Petitioner seems to argue that he was convicted of violating the version of § 2332a(a), effective June 12, 2002 to December 16, 2004. Although the

---

[1] The version of the statute effective June 12, 2002, to December 16, 2004, in pertinent part read, "(a) . . . A person who, without lawful authority, uses, threatens, or attempts or conspires to use, a weapon of mass destruction (other than a chemical weapon as that term is defined in section 229F)–. . . (2) against any person within the United States. . . or (3) against any property . . . ." 18 U.S.C. § 2332a.

[2] The version of the statute effective December 17, 2004, in pertinent part read, "(a) . . . A person who, without lawful authority, uses, threatens, or attempts or conspires to use, a weapon of mass destruction–. . . (2) against any person or property within the United States. . . ." 18 U.S.C. § 2332a.

Court is not certain which version of the statute Petitioner was convicted of violating, the Court notes he was found guilty on December 17, 2004. Additionally, in the order ruling on the § 2255 motion, the sentencing court quoted a version of the statute that appears to be the amended version effective December 17, 2004, and found that Petitioner's indictment was legally sufficient. *Garey v. United States*, Nos. 5:08-CV-90024-CDL, 28 U.S.C. § 2255, 5:03-CR-83-CDL, 2010 WL 2507834, at *23–24 (M.D.Ga. March 29, 2010), *Report and Recommendation adopted*, 2010 WL 2507833 (M.D.Ga. June 15, 2010), *aff'd*, 478 F. App'x 545 (2012). Regardless of which version of § 2332a(a) he was convicted under, for purposes of this Petition, the Court will assume Petitioner was convicted under the version that referenced chemical weapon as defined in § 229F.

As explained above, Petitioner contends that in *Bond*, the Supreme Court declared that 18 U.S.C. § 229F is vague, overly broad, and void; thus, his conviction under 18 U.S.C. § 2332a(a)(2) cannot stand because § 2332a(a)(2) incorporated § 229F. However, the *Bond* Court did not declare that § 229F is vague, overly broad, and void. Instead, as discussed above, the Court determined that § 229 is to be interpreted narrowly such that it is to be used to prevent chemical warfare and not to reach local assaults with a chemical irritant. Thus, §§ 229 and 229F are still valid statues and are to be read keeping the balance between national and local power in mind. *Bond*, 134 S. Ct. at 2093. Thus, this Court cannot see how the *Bond* opinion changed the substantive law related to weapons of mass destruction under the circumstances of Petitioner's case.[3] As such, Petitioner

---

[3]Moreover, Petitioner was actually convicted in counts 12–16 of threatening to use a weapon of mass destruction at Macon City Hall, Colonial Mall, Norfolk Southern Railway, Bank of America, Interstate 75, and The Macon Telegraph. *See* Verdict, *United States v. Garey*, No. 5:03-CR-83 (M.D.Ga. Dec. 17, 2004), ECF No. 180. And, his threats were

7

does not have a plausible allegation that the *In re Jones* savings clause test is satisfied because no substantive law related to Petitioner's factual circumstances changed such that the conduct of which he was convicted is deemed not to be criminal.[4]

Furthermore, Petitioner is not entitled to bring a claim seeking a writ of de homine replegiando because it is an ineffective writ that has been generally superseded by the writ of habeas corpus. *See* 39 C.J.S. *Habeas Corpus* § 1 (2014); Black's Law Dictionary *de homine replegiando* (9th ed. 2009).

Lastly, Petitioner seeks review under the APA of the Bureau of Prisons' decision to deny his request for release based on a wrongful conviction. [*See* Doc. 1-13 at 1–3] However, he fails to state a cognizable claim under the APA. The APA provides a proceeding for judicial review where there is no applicable special statutory review proceeding. *See* 5 U.S.C. § 703. In this case, the federal habeas corpus statutes provide proceedings for judicial review of convictions and sentences; for example, a § 2241 petition

---

considered bomb threats to various buildings in and around Macon, Georgia, in an unsuccessful attempt to extort money. *See* Judgment and Opinion, *United States v. Garey*, No. 5:03-CR-83 (M.D.Ga. Dec. 4, 2008), ECF No. 282. Thus, Petitioner's conduct was not similar to the offense conduct in *Bond*.

[4]Petitioner also contends that his due process rights were violated because he was incompetent to stand trial, the court allowed him to represent himself at trial, and so he is actually innocent. [Doc. 1 at 11–12, 28–30.] He contends that it was not until his sentencing that it was discussed that Petitioner had been found incompetent by several other courts. [*Id*.] The Court finds that this claim is not cognizable under § 2241 because it should have been raised in the sentencing court or direct appeal, and Petitioner does not assert a change in the law related to competency. Moreover, the issue of Petitioner's competency apparently was an issue during the criminal proceedings. For example, the Eleventh Circuit Court of Appeals noted that the trial court had ordered a competency evaluation, which lasted ten hours, and the psychiatrists had concluded that Petitioner "had normal intelligence and understood the proceedings and charges against him." *United States v. Garey*, 540 F.3d 1253, 1258 (11th Cir. 2008). Also, that court noted that "Garey stipulated to his competency to stand trial." *Id*.

8

generally challenges the execution or implementation of a federal prisoner's sentence, and generally it must be filed after exhaustion of administrative remedies. *See Timms v. Johns*, 627 F.3d 525 (4th Cir. 2010); *Manigault v. Lamanna*, C/A No. 8:06-47-JFA-BHH, 2006 WL 1328780, at *4 n.4 (D.S.C. May 11, 2006). Here, where § 2241 and § 2255 provide the applicable statutory proceedings to challenge the underlying conviction and sentence, Petitioner is required to proceed under the habeas corpus statutes and 5 U.S.C. § 703 is not applicable.

## RECOMMENDATION

Accordingly, it is recommended that the § 2241 Petition be dismissed without prejudice and without requiring the Respondent to file an answer or return. **Petitioner's attention is directed to the important notice on the next page.**

s/Jacquelyn D. Austin<br>United States Magistrate Judge

February 13, 2015
Greenville, South Carolina

9

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).