UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eddie Milton Garey, Jr., #91876-020<br><br>Petitioner,<br>vs.<br><br>Eric Himpton Holder, Jr., U.S. Attorney General; Andrew Mansukehani, Warden of Estill FCI,<br><br>Respondents. | Civil Action No.: 8:15-56-BHH<br><br>**Opinion and Order** |

This matter is before the Court upon the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 10), which recommends that Petitioner's § 2241 petition be summarily dismissed *without prejudice*. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the within action was referred to United States Magistrate Judge Jacquelyn D. Austin for pretrial handling and a Report and Recommendation. The Court agrees with the Report, and will dismiss the petition *without prejudice* and without requiring Respondents to file an answer or return.

**BACKGROUND**

Petitioner Eddie Milton Garey, Jr., ("Petitioner"), a federal prisoner who is proceeding *pro se*, brought this action pursuant to 28 U.S.C. § 2241 seeking an order vacating several portions of his criminal conviction and vacating or shortening his sentence. The Magistrate Judge filed her Report on February 13, 2015, and the Clerk of Court entered Petitioner's objections on March 20, 2015. Petitioner then filed a Motion to Appoint Counsel on July 30, 2015, and a Motion for Copies on November 30, 2015. The Court has reviewed the objections, but finds them to be without merit. The

Court further finds Petitioner's motions to be moot. Therefore, it will enter judgment accordingly.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

This Court is charged with liberally construing the pleadings of a pro se litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## **DISCUSSION**

As noted above, Petitioner filed objections to the Magistrate Judge's Report which the Court has carefully reviewed. According the requisite liberal construction, the Court finds that one portion of Petitioner's filing raises a specific objection and thus invokes *de novo* review, which the Court has conducted. Petitioner first objects that the Magistrate Judge failed to consider whether Petitioner's "claims can proceed" as a declaratory judgment action. (Objections 1, ECF No. 18.) However, a prisoner "cannot bring a declaratory judgment action to circumvent the habeas statutory requirements." *Wagner v. United States*, No. 3:08-cv-2176, 2008 WL 2778925, at *5 (D.S.C. July 14, 2008) *aff'd*, 314 F. App'x 626 (4th Cir. 2009) (citing *Calderon v. Ashmus*, 523 U.S. 740, 746 (1998) (noting that "we have held that any claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code")). Because Petitioner seeks relief setting aside portions of his conviction and sentence, he must proceed through the habeas statutory requirements. Petitioner cannot bring a declaratory judgment action to seek such relief and this objection is therefore overruled.

Petitioner's remaining objections are only conclusory statements, meritless contentions, and arguments that the Magistrate Judge has already considered and rejected. And, because the Court agrees with the Magistrate's cogent analysis, it need not discuss Petitioner's claims for a second time here. Therefore, the Court overrules Petitioner's remaining objections.

## **CONCLUSION**

After a thorough review of the Report, the record, and the applicable law, the Court finds that Petitioner's objections are without merit. Accordingly, the Court adopts the Report and incorporates it herein. The Court further denies Petitioner's Motion to Appoint Counsel (ECF No. 25) and Motion for Copies[1] (ECF No. 29), as both motions are now MOOT. It is therefore ORDERED that Petitioner's § 2241 petition is DISMISSED *without prejudice* and without requiring Respondents to file an answer or return.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

January 6, 2015
Greenville, South Carolina

---

[1] Here, Petitioner asks for "a copy of all documents entered into the record subsequent to" Plaintiff's Motion to Appoint Counsel. (ECF No. 29.) Both the Motion to Appoint Counsel and the Motion for Copies were filed after the Report was issued.

4